Grovene James **FINLEY**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 17627.

United States Court of Appeals
Fifth Circuit.

April 30, 1959.

Rehearing Denied July 29, 1959.

Grovene James Finley, in pro. per.

W. Howard Fowler and Truett Smith,
Asst. U. S. Attys., Frank O. Evans, U.
S. Atty., Macon, Ga., for appellee.

Before TUTTLE, CAMERON and
WISDOM, Circuit Judges.

WISDOM, Circuit Judge:

■ January 16, 1959 Grovene James
Finley, appellant, filed a motion termed a
"Motion for a Proper Return". The
object of the motion was to obtain an
order "showing" to the Superior Court
of Harris County, Georgia that he was
under the exclusive jurisdiction of the
District Court for the Middle District
of Georgia and therefore not subject to
trial on State charges on January 26,
1959 or, in the alternative, that he was
entitled to an order waiving the exclu-
sive jurisdiction to the State of Georgia.
There is no connection between the
crime for which he was convicted in the
federal court and the offense with which
he is charged in the state court. The
District Court dismissed the motion.

■ The doctrine of comity between
two sovereigns is elastic. The principle
that a probationer is under the custody
of the federal court is an accepted fic-
tion. But comity cannot be stretched
nor fictitious custody made real to the
extent of establishing an open season
for federal probationers to commit state
crimes and avoid trial in state courts
while on probation. In the absence of
objections by the United States, the pro-
bationer cannot object. The question is
one of comity between the United States
and the State of Georgia. The sovereign
having prior jurisdiction and custody
may waive that right and permit anoth-
er sovereign to proceed with prosecu-
tion of a prisoner. Rawls v. United
States, 10 Cir., 1948, 166 F.2d 532, cer-
tiorari denied 334 U.S. 848, 68 S.Ct.
1498, 92 L.Ed. 1771; United States of

America ex rel. Pasela v. Fenno, 1948, 2 Cir., 167 F.2d 593; United States ex rel. Spellman v. Murphy, 7 Cir., 1954, 217 F. 2d 247; Strand v. Schmittroth, 9 Cir., 1956, 233 F.2d 598; and Hall v. Looney, 10 Cir., 1958, 256 F.2d 59. Dillingham v. United States, 5 Cir., 1935, 76 F.2d 35 merely involved a question as to the terms of probation and as to whether such terms had been violated.

The appeal is

Dismissed.