**James N. LEWIS and Theodore Simms,**
Appellants,

v.

**UNITED STATES of America,**
Appellee.

No. 15613.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 6, 1960.

Decided Feb. 23, 1961.

Petition for Rehearing Denied
March 31, 1961.

**210**

Mr. Alfred V. J. Prather, Washington, D. C. (appointed by this court), for appellants.

Miss Doris H. Spangenburg, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., and Mr. Carl W. Belcher, Asst. U. S. Atty, were on the brief, for appellee.

Before EDGERTON, PRETTYMAN, and BASTIAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is an appeal *in forma pauperis* from an order of the District Court denying a motion filed under Section 2255, Title 28, United States Code.

Appellants were indicted for rape, tried by a jury, and convicted of the lesser offense of assault with intent to commit rape. Both were represented upon the trial by court-appointed lawyers. No question is raised as to the experience or professional competence of those counsel. After sentence no appeal was noted by or on behalf of either defendant within the ten-day period prescribed by Rule 37(a) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.[1] Various procedural steps then ensued, premised upon the doubt then existing upon the questions posed by the Robinson[2] and Hodges[3] cases, then undecided.[4] We need

not relate those steps, since they are immaterial to the problem now before us. The convicted men eventually filed a motion under 28 U.S.C. § 2255 to vacate the sentences. Four grounds were assigned: (1) no probable cause for arrest, (2) illegal detention resulting in incriminatory statements, (3) denial of cross-examination at the preliminary hearing, and (4) insufficient evidence to convict. The motion was denied. Appellants then filed in the District Court a petition to appeal from the denial *in forma pauperis*. The District Court granted the petition, and appellants filed this appeal from the denial of the Section 2255 motion. This court appointed counsel.

The sole question open at the moment is whether or not appellants were impeded "by ignorance or otherwise" from pursuing an appeal from their convictions. They say they were "frustrated by lack of counsel", and from that premise they argue that their Constitutional right to the assistance of counsel was not honored in the period immediately after the judgment of conviction, when they could have noted and perfected appeals. Therefore, they say, the judgments of conviction are open to collateral attack by a motion under Section 2255.

As we have said, both appellants had court-appointed counsel upon trial, who represented them through sentencing by the court. Neither counsel then noted an appeal. We look to see their reasons. Statements of both lawyers on the points are in the record before us. Both are able and experienced in the conduct of trials in criminal cases. One lawyer says:

> "I did not discuss an appeal with Lewis since I did not believe there was any basis for a successful appeal. Furthermore, the defendant and the defendant's family indicated

1. This rule was promulgated by the Supreme Court, 327 U.S. 825, 857 (1946), pursuant to authority conferred by Act of Feb. 24, 1933, 47 Stat. 904, as amended, 18 U.S.C. § 3772.

2. United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960).

3. Hodges v. United States, 108 U.S.App. D.C. 375, 282 F.2d 858 (D.C.Cir.1960), cert. granted, 81 S.Ct. 702 (Feb. 20, 1961).

4. See Lewis and Simms v. United States, 107 U.S.App.D.C. 353, 278 F.2d 33 (D.C. Cir.1960).

that there was complete satisfaction with the outcome of the trial. The defendant was charged with rape and was convicted of the lesser offense of assault with intent to commit rape. From the overwhelming evidence adduced at trial, I felt that the verdict was as favorable as could be expected, and so informed the defendant."

The other lawyer says:

"I talked with Theodore Simms about his right to appeal, but I told him that I would not undertake to prosecute such an appeal. I have never talked or conferred with Theodore Simms since the day of his sentencing."

■ So the question is simply whether the Constitutional right to counsel is denied when trial counsel are of opinion that no grounds for appeal exist and so do not note an appeal. Obviously, we think, counsel fulfilled their professional obligations. They would have, or should have, done exactly the same things if they had been fully paid, representing a client who had engaged them and paid them. No lawyer is under obligation to appeal a judgment if in his professional opinion no error has been committed by the trial court and no appeal properly lies. Indeed his obligation is the other way. Appeals are for the purpose of correcting errors; they are not for the purpose of affording a review of an entire trial and substituting the views of the appellate court for the decision of the trial court upon all questions which the trial court is called upon to decide in the course of the trial. It is settled beyond doubt that, while any alleged error may be posed for decision of the appellate court by a direct appeal, only Constitutional questions, questions of jurisdiction, or questions concerning actions outside statutory restrictions or otherwise subject to collateral attack remain open to collateral attack by means of a Section 2255 motion. The grounds here assigned do not present such questions. The effort is to bring them into the scope of a Section 2255 motion by enveloping them in an allegation of lack of counsel, which, of course, is a Constitutional question.

■ We think the right to counsel was not denied in this case. Appellants had counsel. They were entitled to the advice and judgment of counsel. They had that advice and judgment. Constitutionally they were entitled to no more. The right to counsel does not guarantee that counsel will always be correct in their opinions. We would consider intolerable a doctrine that, when counsel formulates a judgment that no appeal lies, and takes no appeal, the accused has thereby been deprived of the assistance of counsel in the Constitutional sense and the judgment of conviction is therefore forever after open to collateral attack upon grounds open to direct appeal.

Two decisions should be mentioned. In United States v. Robinson, supra, the Supreme Court held that the ten-day period provided by rule for noting appeals in criminal cases is not open to extension for excusable neglect in failing to note an appeal. In Hodges v. United States, supra, we discussed and ruled upon several questions which would otherwise be open here. We need not repeat that discussion. We there held that, even though the defendant himself was not aware of the ten-day limit upon his right to appeal, the judgment of conviction was not thereby rendered vulnerable to collateral attack at any time. In the case at bar both defendants, or their families, were conscious of the right to appeal. As a matter of fact the trial court stated at one point during the trial that, being concerned over a ruling which he thought was required, he would allow an appeal *in forma pauperis* if one were sought. But after the trial all were apparently satisfied at the outcome, conviction of a lesser offense than that of rape as charged.

The judgment of the District Court, denying the motion under Section 2255, Title 28, United States Code, is

Affirmed.