

taken by surprise when he was told by his bondsman that his case was set for trial the following morning. From this failure of the petitioner to maintain what was said to be his burden of proof, the court below concluded "that petitioner's failure to obtain counsel in advance of trial was not the result of his negligence or mistake but was the result of his own decision to wait until the last moment possible to employ counsel." In our opinion the district judge under the circumstances should have found as a fact that petitioner did misread the bulletin board, and he should have found as a fact also that petitioner did not consciously waive any constitutional right to the effective use of counsel.

The judgment of the District Court is vacated and the case is remanded to the District Court with direction to grant petitioner's application for release, unless the prosecution desires to try petitioner again.

Grovene James Finley, in pro. per.

Truett Smith, Asst. U. S. Atty., Floyd M. Buford, U. S. Atty., Macon, Ga., for appellee.

Before TUTTLE, Chief Judge, CAMERON and BROWN, Circuit Judges.

PER CURIAM.

This appeal presents solely a question of law. The law is settled by our previous discussion in Finley v. United States of America, 5th Cir., 266 F.2d 29. There being no requirement under 28 U.S.C.A. § 2255 that the trial court hold a hearing on a Section 2255 petition where only a question of law is involved, we conclude that the trial court did not error in denying the petition.

The judgment is
Affirmed.

**Grovene James FINLEY, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 19076.

United States Court of Appeals
Fifth Circuit.

Nov. 17, 1961.

**INTERNATIONAL ASSOCIATION OF MACHINISTS, AFL–CIO, and Its Local Lodge No. 2003, Appellant,**

v.

**HAYES CORPORATION, Appellee.**

Nos. 18946, 18947.

United States Court of Appeals
Fifth Circuit.

Dec. 8, 1961.