Fred ELLIS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17969.

United States Court of Appeals Eighth Circuit.

Dec. 9, 1965.

Rehearing Denied Dec. 30, 1965.

Fred Ellis pro se.

Patrick J. Foley, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before JOHNSEN, VOGEL and MATTHES, Circuit Judges.

JOHNSEN, Circuit Judge.

The appeal is from the denial without a hearing of a motion to vacate sentence under 28 U.S.C.A. § 2255.

Appellant had been charged by indictment with six marihuana offenses. He was tried to a jury on the first two counts [the other four were subsequently dismissed], was convicted of both charges, and was given concurrent sentences thereon of five years and two years, respectively.

The attacks made by his § 2255 motion were in substance (1) that, with the indictment having been returned prior to his arrest, the interrogation engaged in of him on his being taken into custody was unlawful; (2) that a statement which the narcotics agents thus obtained from him and had him sign was constitutionally invalid, because he was then without counsel, and because his signing of it was "inherently coercive" in that the agents had urged upon him that "things might be easier for me if I would sign the statement"; (3) that the taking of him before the court "for a preliminary arraignment without being represented by counsel" was a violation of due process; (4) that the Government further violated due process against him in not making dismissal of the last four counts of the indictment until after his trial and conviction; and (5) that his appointed counsel "was inadequate to defend the petitioner during such a criminal proceeding".

None of these contentions, in the situation involved and on the arguments made, presented any question on which the District Court was required to hold a hearing.

■ As to the first two, concededly nothing from appellant's interrogation or in his statement was used as evidence against him on the trial. Indeed, there was nothing indicated by him as having been said in his interrogation or having been incorporated into his statement which had any probative capacity on the question of his guilt, if there had been an attempt to offer it evidentially. The only thing which he set out as having been said by him, and upon which he predicated his contention, was an admission by him in his interrogation and in his statement that he knew a man named Frank Barnes. He argued that this admission was self-incriminating because Barnes "was a known trafficker of nar-

cotics", and that the admission had been used to convict him in that Barnes was called as a government witness on his trial.

■ This argument was without any substance on the facts of the situation. Barnes had been indicted at the same time as appellant, so that he, as well as appellant, was under charge of narcotics violation. Thus appellant's acknowledgment that he knew Barnes could hardly be contended to have provided the Government with an investigatory lead to Barnes or the means of getting Barnes to testify against appellant. If involuntary admissions or confessions, beyond their incompetency as direct evidence to convict, may further not be allowed to provide lead to other witnesses or circumstantial facts, on the theory of the equivalence thereof to illegal search and seizure [a question which we need not consider], the present situation is in any event, as we have indicated, without basis of substance or reality for any argument of that theory here.

■ Appellant's third contention is frivolous on its face. The effect of what he argues is that due process does not permit a defendant to be at all brought before the court in relation to a charge against him "without being represented by counsel". The facts which he sets out are that he was brought before the court "for a preliminary arraignment"; that the court inquired of him whether he had counsel, whether he desired to employ counsel, or whether he wanted to have counsel appointed for him; that he indicated the intention and desire to obtain counsel of his own choice; that the court then continued the arraignment a number of times to afford him this opportunity; that when he was unsuccessful in his efforts, the court made appointment of counsel to represent him; and that thereafter arraignment was held, with a plea of not guilty being entered by him. On these circumstances, the proceedings were legally conventional and of such due-process conformity recognizedly that any discussion of appellant's contention would be elementary.

■ The fourth contention urged is equally without any merit on the argument made. There can be no violation of due process abstractly from the fact that a defendant is tried on only a part of the counts of an indictment against him and that the rest are allowed to remain pending for later disposition. What may be the right of a defendant to insist that he be tried upon all of the counts at the same time or to have those dismissed which the Government undertakes to have deferred is not here involved, because that question was not raised at the trial and further, as noted above, the four counts deferred were in fact dismissed after appellant's conviction and sentencing.

■ But appellant argues that he has a right to claim prejudice from the Government's having left the four counts pending during his trial, because the jury was made aware of this fact. The only basis indicated by him for the alleged awareness was that his counsel brought out out on cross-examination of the Government's chemist that, in the analysis made by the witness of all the alleged marihuana materials, those relating to some of the deferred counts did not show any marihuana content. There could be no possible violation of due process from the jury's having been made aware of the pendency of the other counts by the strategic attempt of appellant's own counsel to put the Government's case in as weak a light generally as possible by showing that there had been charges of marihuana violation made against appellant on materials in which no marihuana content was found. Indeed, as apparently was the representational judgment of his counsel, the information thus imparted to the jury, in any effect it might have, would more rationally tend to unfavorable reaction against the Government than against appellant. But however that might be, mere knowledge on the part of the jury that there were other marihuana charges pending against appellant whose disposition had been deferred could not nakedly be held, we think, to be so inherently prejudicial as

to constitute a subversion of fair trial. And anything less than such an inherent subversion would ordinarily represent general trial incident, required to be challenged in the proceedings as error and to be corrected by direct appeal from conviction.

■ Appellant's final contention was that his appointed counsel "was inadequate to defend" him. He made it clear, however, in his initial collateral-attack papers that he was not questioning that his counsel "demonstrated lawyer-like work in representing petitioner in the court proceedings". What he was complaining of was that counsel had advised him, both before and after his trial, that he would be eligible for parole, whereas under the narcotics statutes he was without any such eligibility. But the mistaken view and advice of his counsel in this respect did not bear any relation to the trial proceedings and so could not make appellant's conviction and sentence void, as he argues. Nor would it be possible for him to contend that he had been prejudiced in his choice of course of action by his having been led to believe that he would be eligible for parole because, whether his conviction was one from trial or from plea of guilty, the lack of parole eligibility was the same in both situations.

Other arguments have been made by appellant in relation to his contentions, and these have been examined, but they are without any more merit than those which have been discussed, so that there is no occasion to extend this opinion further.

■ Both appellant and appellee have separately sought to place an affidavit before us, but these were not before the trial court and so are not properly before us here. (It might be observed, however, that there was nothing in the affidavits which could have changed the trial court's result had they been before it, or the result here). The correctness of trial court action is reviewable here only on such aspects as were before it and such matters as could have been judicially noticed by it.

Affirmed.