**UNITED STATES of America,
Appellee,**

v.

**Otto Lewis MEYER, Appellant.**

**No. 19546.**

United States Court of Appeals
Eighth Circuit.

Oct. 30, 1969.

Rehearing Denied Nov. 25, 1969.

Rehearing En Banc Denied Nov. 28, 1969.

---

Bernard Passer, Kansas City, Mo., for appellant; Herman Epstein, Kansas City, Mo., with him on the brief.

Robert E. Johnson, U. S. Atty., Fort Smith, Ark., for appellee; James A. Gutensohn, Asst. U. S. Atty., Fort Smith, Ark., with him on the brief.

Before MATTHES, GIBSON and BRIGHT, Circuit Judges.

FLOYD R. GIBSON, Circuit Judge.

The appellant Otto Lewis Meyer was convicted under a ten count indictment, nine of which counts charged transportation of stolen motor vehicles in interstate commerce in violation of 18 U.S.C. § 2312 (1964), and one count which charged conspiracy to accept vehicles stolen outside the state of Arkansas for sale in Arkansas in violation of 18 U.S.C. § 2312 (1964) and 18 U.S.C. § 2313 (1964). Meyer was sentenced to five consecutive two-year terms on each of the first five counts, and to a sentence of two years on counts six to ten, to run concurrently with the sentences on the first five counts.

Meyer appealed on the grounds the verdict was not supported by the evidence and the court erred in failing

to allow certain discovery motions. The Court of Appeals for the Eighth Circuit affirmed that judgment in a decision reported at 396 F.2d 279 (1968).[1]

Meyer, while free on bond, immediately filed a motion in the trial court to set aside the verdict and to order a new trial which the trial court treated as a motion under 28 U.S.C.A. § 2255 (1959).[2] Meyer's motion was then denied without hearing by the District Court, in a written memorandum opinion (not reported).

---

1. One John Dwain Dugger was convicted as a co-defendant in the original trial and his conviction was also appealed on the same appeal. He, however, is not a party to the present proceeding.

2. The trial court recognized that no jurisdictional allegation was contained in Meyer's post conviction "Special Plea and Motion" to set aside the verdict and judgment and for a new trial and treated the motion as a § 2255 proceeding. We entertain doubt as to the legal basis for the motion as Meyer had exhausted all of his appeal remedies, his conviction was affirmed and our mandate would issue in due course. The post conviction procedure under 28 U.S.C.A. § 2255 is applicable to "a prisoner in custody under sentence of a [federal] court * * *." Meyer was not then "in custody" and by hearing his appeal on this present motion we want to make clear that we do not intend to set any precedent for proceedings of this type.

Several Supreme Court cases have dealt with the meaning of the custody requirement of § 2255 and of federal habeas corpus law. In Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), a § 2255 proceeding, the Court held that a prisoner incarcerated under one sentence cannot challenge a sentence which will not begin until completion of the sentence then being served since the prisoner is not then in custody under the sentence challenged. But in Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), a habeas corpus action, the Court held that a prisoner serving consecutive sentences and thus incarcerated under only one of them, could challenge a sentence which he had not begun to serve. Though this was a habeas corpus action it would appear to overrule Heflin.

In Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957) the Court held that a § 2255 motion begun while the petitioner was still incarcerated had not become moot where his sentence had expired by the time the motion reached the Supreme Court. In Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960), a habeas corpus action, however, the Supreme Court apparently overruled Pollard, holding a similar motion moot where petitioner was unconditionally discharged before the case reached the Supreme Court. But in Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) the Court held that a habeas application, begun while the prisoner was incarcerated, did not become moot where the prisoner's sentence expired while the petition awaited appellate review, thus overruling Parker v. Ellis.

Nevertheless, Meyer's position is distinguishable from that of the petitioners in Carafas and Peyton. Meyer has never been incarcerated as was the petitioner in Peyton, and most certainly has not served a sentence as did the petitioner in Carafas. Furthermore, Meyer was not incarcerated when his § 2255 motion was filed. In Carafas the Court relied heavily on the fact that when Carafas' petition was instituted he was incarcerated and said that relief should not have been denied to him due to the delays of the appellate process. Thus in Carafas the Court merely held that mootness, resulting from delay in the appellate process, would not inhibit habeas corpus relief. The Court did not hold that a habeas corpus petition could be instituted when the petitioner was not in custody. Meyer, on the other hand, was merely on bond awaiting our appellate mandate denying his appeal and was not incarcerated when he instituted this proceeding. In Allen v. United States, 349 F.2d 362, decided in 1965 before Peyton or Carafas the First Circuit held that the minor restrictions of bail did not meet the custody requirement of § 2255 and thus post conviction relief was not available. As of this date Allen has not been specifically overruled. Furthermore, to allow § 2255 motions before incarceration might tend to add a further delay to the already prolonged hiatus between arrest and conviction on the one hand, and imprisonment on the other, though the cases in which bail is granted to a petitioner appealing a § 2255 motion in which he was denied relief are rare indeed. We, therefore, entertain grave doubts on the propriety of this type of proceeding, but will proceed in this appeal to dispose of the issues raised on their merits.

On this appeal Meyer raises three issues: (1) an illegal and unconstitutional search and seizure; (2) inadequacy of counsel at his original trial; (3) error of the trial court in not granting a hearing on Meyer's motion.

The gist of Meyer's first contention is that though the questioned search was pursuant to warrant, and though no argument is made that probable cause was lacking, nevertheless, a warrant such as the one here, which authorizes a search of the "premises" does not authorize a search of buildings upon the land and thus the search became illegal and unauthorized when it extended to such buildings.

The warrant in question authorized a search of the premises known as "80 acres in the name of Otto Lewis Meyer and Margie M. Meyer" and described the geographical location of said premises. The warrant authorized a search for particular automobiles believed to be on the property, for equipment used in the production of fraudulent automobile identification numbers, and for forms, equipment, and seals used in preparing fraudulent bills of sale and registration or other items necessary to title a motor vehicle.

The word "premises" when used to describe an estate in land almost invariably refers to land and the tenements or appurtenances thereto. 33 Words and Phrases, pp. 354–358 (1940). In Black's Law Dictionary (4th ed. 1957) at 1344 premises is defined as: "Lands and tenements; an estate; land and buildings thereon; ". It is particularly clear here that the word premises was used in the warrant to include and to authorize a search of buildings standing upon the land, since many of the items sought, in particular seals and forms used in producing fraudulent bills of sale and registration certificates, would in all likelihood be found only within the confines of a building.

Finally, it is most unlikely that the items found in the search of the buildings in question and offered in evidence had any effect on the outcome of the trial. The evidence of Meyer's guilt was overwhelming. Several of the items found in the allegedly illegal search were excluded as irrelevant, and others seem to have had only minor, tangential relevance. In fact, it is evident from the record that failure to object to this evidence was a trial tactic of defense counsel due to its lack of probative significance against the defendant Meyer. We find the warrant properly authorized a search of Meyer's land and the buildings thereon, and the search that followed was within the bounds of the warrant.

Meyer next contends that his retained attorney did not render effective assistance as required under the Sixth Amendment of the United States Constitution due to his failure to move for suppression of the evidence stemming from the allegedly illegal search.

It is established that mere errors of judgment or a mistaken choice of strategy by an attorney is not sufficient to support a finding of lack of effective assistance of counsel in the constitutional sense. Wright, 2 Federal Practice and Procedure, § 595, at 611 (1969); Ellis v. United States, 353 F.2d 402, 405 (8th Cir. 1965); Lewis v. United States, 111 U.S.App.D.C. 13, 294 F.2d 209, 211 (1961), cert. denied 368 U.S. 949, 82 S.Ct. 390, 7 L.Ed.2d 344 (1961); Mitchell v. United States, 104 U.S.App.D.C. 57, 111 U.S.App.D.C. 13, 259 F.2d 787 (1958), cert. denied 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86 (1958). As was said in Black v. United States, 269 F.2d 38, 42 (9th Cir. 1959), cert. denied 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed. 2d 357 (1960):

"Appellant argues that he was not competently represented by counsel during the trial. This is not a ground for relief under section 2255 unless it is shown that the attorney's conduct was so incompetent that it made the trial a farce, requiring the court to intervene in behalf of the client."

It is eminently clear from the record that Meyer's retained counsel, an

experienced and able trial attorney in the field of criminal law, not only failed to make the trial a farce or mockery of justice, but in fact rendered Meyer competent and valuable assistance. The failure to move for suppression of the evidence is a common trial tactic and was certainly reasonable here. Furthermore, such a motion could not have succeeded. This contention is without merit and requires no further discussion.

Finally, Meyer contends that the trial court erred in failing to grant him a hearing on the instant motion. Section 2255 does not automatically require a hearing to dispose of every motion made within its statutory authority.[3] We believe this was a proper case for denial of a hearing. The motion raised no disputed questions of fact. The only questions involved were the claims of an illegal search and of failure by defendant's employed attorney to render effective assistance of counsel. Meyer's only justification for the latter claim was the failure of his attorney to move for suppression of evidence which was the fruit of the search of buildings upon his land. The trial court stated in its memorandum order of October 18, 1968 that it had reviewed its file and found absolutely no evidence of incompetence on the part of Meyer's attorney. This finding has overwhelming support in the record. The court is entitled to rely on its files and records where they show that the petitioner is entitled to no relief. 28 U.S.C.A. § 2255; Hodges v. United States, 368 U.S. 139, 82 S.Ct. 235, 7 L.Ed.2d 184 (1961).

Furthermore, as a matter of law, the mere failure to request a suppression of evidence is not sufficient to support a finding of ineffective assistance of counsel (*see* above), particularly where as here this is a reasonable trial tactic.

A hearing is not required where a motion only raises questions of law. Finley v. United States, 296 F.2d 238 (5th Cir. 1961). Similarly, the court was not required to hold a hearing on Meyer's claim of an illegal search. Here too the facts were undisputed and only the legal conclusion to be drawn from these facts was disputed.

We affirm the findings of the District Court. Inasmuch as the original appeal was affirmed by this Court on June 18, 1968, our mandate shall issue forthwith.

BRIGHT, Circuit Judge (concurring).

I concur with the text of the opinion, but except to any suggestion contained in footnote 2 that the trial court, or this court, by allowing Meyer to remain free on bond deprived itself of jurisdiction to consider his post-conviction motion seeking a new trial.

We observe that a habeas corpus petitioner need not be in physical custody under the sentence which he is attacking in order for the court to entertain the petition and afford relief. See, Sibron v. New York, 392 U.S. 40, 50–58, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). Section 2255 affords similar avenues of relief to those convicted in the federal courts. See, Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969).

As noted by Trial Judge Miller in denying reconsideration of Meyer's amended motion for a new trial: " * * * it is immaterial whether the [original] motion was considered as a § 2255 motion or as a motion in the nature of a writ of error coram nobis". I agree with Judge Miller. Had the court

3. 28 U.S.C.A. § 2255 reads in relevant part:
"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall * * * grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

elected to treat Meyer's post-conviction application as one for *coram nobis* relief, incarceration under the sentence and conviction being attacked would not have been a jurisdictional prerequisite. See, United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

In my opinion, the absence of incarceration did not deprive Judge Miller, nor does it deprive us, of jurisdiction to consider the merits of Meyer's claims.