Raymond Lee **BROWN**, Petitioner-Appellant,

v.

Lon **EVANS**, Sheriff of Tarrant County, Texas, Respondent-Appellee.

No. 28858
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 19, 1970.

---

Raymond Lee Brown, appellant, pro se.

Frank Coffey, Criminal Dist. Atty., Truman Power, Ft. Worth, Tex., for appellee.

Before JOHN R. BROWN, Chief Judge, MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

■ Appellant is here seeking reversal of the District Court's denial of his petition for a writ of habeas corpus. The central issue raised by this pro se petition is the validity of the arrest and detention of Appellant by Fort Worth, Texas local police officers pursuant to a detainer based upon a Commissioner's complaint filed in the United States District Court for the Central District of California charging flight to avoid prosecution. Since at this stage regardless of the merits of Appellant's claim we cannot grant relief, we affirm.[1]

Appellant was arrested on June 17, 1968. On July 8, 1968 the California complaint under which he was arrested was dismissed, but Appellant was held pursuant to that detainer until July 30, 1968 when he was charged with numerous State offenses. Apparently, the Fort Worth officials did not learn of the dismissal of the complaint in California and took no steps to inquire about the continuing validity of the detainer until September 9, 1969 when inquiry was made pursuant to a show cause order issued in response to Appellant's petition in this case.

■ It is clear that Appellant is now being held pursuant to the State charges. Two of these have resulted in convictions, the appeals of which are

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804; Part I; and Huth v. Southern Pacific Co., 5 Cir. 1969, 417 F.2d 526, Part. I.

currently pending before the Texas Court of Criminal Appeals. Thus we could not grant Appellant any effective relief even if on review of the merits the original arrest and detention were found invalid. And the effect of that arrest and subsequent detention on the State convictions is initially for the State Courts. 28 U.S.C.A. § 2254(b). Texas v. Payton, 5 Cir., 1968, 390 F.2d 261; Perry v. Decker, 5 Cir., 1969, 415 F.2d 773. And since the detention under the Federal charges did not result in a conviction, or present the likelihood of other adverse consequences, see Carafas v. Lavallee, 1968, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554; Peyton v. Rowe, 1968, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426; United States v. Meyer, 8 Cir., 1969, 417 F.2d 1020, 1022 n.2, there is no basis in this context for inquiring into the validity of such arrest and detention.

Affirmed.