UNITED STATES of America, Plaintiff-Appellee,

v.

Byron Lee BARTON, Defendant-Appellant.

No. 77–2850.

United States Court of Appeals, Ninth Circuit.

Dec. 30, 1977.

pose of giving him the benefit of sentencing as a youthful offender in the event that he was convicted. The Government was also willing to try the case during the week of April 4, or earlier.

The district court declined to advance the trial date on March 1, 1977, due to the court's crowded trial calendar. The first day available for trial at that time was not April 11, but July, 1977.

The district court imposed sentence on August 5, 1977. The court rejected appellant's request that he be treated as a young adult offender under 18 U.S.C. § 4216. The court stated Barton might have been sentenced under that provision, but ruled that it had no authority to do so because Barton had attained twenty-six years of age while awaiting trial.

Appellant frames the issue in a sympathetic way by arguing that the only reason that he did not have the benefit of Section 4216 was the delay in trial caused by the court's congested calendar. It is, however, more accurate to state that Barton's problem was that the court's crowded calendar caused the court to decline to advance the trial date. Barton does not contend that if he had been ·brought to trial at the date originally scheduled, April 11, 1977, he could have been tried and convicted on or before his birthday on April 12.

 As beneficial as it may be to Barton to read the statute as granting the district court discretion to sentence under the Youth Corrections Act, the statute does not permit that flexibility. · The statute is specifically limited to "a defendant who has attained his twenty-second birthday but has not attained his twenty-sixth birthday at the time of conviction." Although the term "conviction" has been liberally construed to include not only the time of judgment, but also the return of a guilty verdict or entry of a plea of guilty or *nolo contendere* (*United States v. Branic,* 162 U.S.App.D.C. 10, 495 F.2d 1066 (1974)), the term is not sufficiently elastic to encompass other steps in the trial proceeding antedating some kind of guilt determination. This is true even though the trial date is set after an ar-

---

Irwin H. Schwartz, Federal Public Defender (argued), Seattle, Wash., for appellant.

Peter Mair, Asst. U.S. Atty. (argued), Seattle, Wash., for appellee.

Before HUFSTEDLER, SNEED and KENNEDY, Circuit Judges.

PER CURIAM:

The sole issue in Barton's appeal from his conviction for possessing and transferring a firearm in violation of 26 U.S.C. §§ 5861(d), 5871, and 18 U.S.C. § 2, is that the district court erroneously believed that it did not have the power to sentence Barton as a youthful offender because his conviction was after the date of his 26th birthday.

Barton, along with his then co-defendants, was indicted on January 18, 1977. He was arraigned on January 27, 1977, and trial was set for the week of April 11, 1977. His 26th birthday was April 12, 1977. Barton's lawyer moved to advance the trial date and thereafter obtained the co-defendants' consent to try the case during the week of April 4, 1977, for the specific pur-

raigned defendant's 26th birthday because of court congestion, or other circumstances outside the control of the defendant.

We agree with the district court that, under the terms of Section 4216, it was not empowered to sentence the defendant as a young adult offender.

AFFIRMED.