**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Kenneth Malcolm RIFFE,**
**Defendant-Appellant.**

No. 79–1271
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 16, 1979.

Charles W. Tessmer, Bentley C. Kelly, III, Neil H. Cogan, Dallas, Tex., for defendant-appellant.

Shirley Baccus Lobel, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

Appellant appeals the denial of his motion to correct an illegal sentence. Finding no error, we affirm.

On February 17, 1976, appellant who was 25 years old, was convicted on .his guilty plea to the offense of distribution of cocaine in violation of 21 U.S.C.A. § 841(a)(1). Appellant was committed to the custody of the Attorney General for treatment and supervision under the Federal Youth Corrections Act, 18 U.S.C.A. § 5010(b), until discharged by the Parole Commission pursuant to 18 U.S.C.A. § 5017(c). This Court affirmed the conviction. *United States v. Riffe*, 536 F.2d 1386 (5th Cir. 1976). Appellant subsequently challenged the validity of the plea proceeding in a Section 2255 motion. The district court, on authority of the panel opinion in *Keel v. United States*, 572 F.2d 1135, *rev'd en banc*, 585 F.2d 110 (5th Cir. 1978) vacated appellant's sentence. Appellant was granted a new trial, and, on September 21, 1978, appellant at age 28, pleaded guilty to the above mentioned offense. Appellant was convicted on his guilty plea. His sentence was suspended and he was placed on five years probation.

■ Appellant contends that his sentence as an adult to a term of probation is more severe than his original sentence under the Federal Youth Corrections Act because he lost the potential benefits of the set-aside provisions of 17 U.S.C. § 5021(b). He argues that his sentence of probation pursuant to 18 U.S.C.A. § 3651 following his second conviction violated *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Although the set-aside provisions of the Federal Youth Corrections Act do confer a significant potential benefit in that appellant's original conviction could have been set aside if appellant had obtained an unconditional discharge from probation (18 U.S.C.A. § 5021(b)), the Federal Youth Corrections Act, as extended, applies only to those who are aged 22 to 25 at time of conviction. (18 U.S.C.A. § 4216).

■ *Pearce* is not applicable to the case at bar, because there is no showing of vindictiveness by the sentencing judge; she was required to impose an adult sentence. Although the term "conviction" has been liberally construed to include not only time of judgment, but also a return of a guilty plea or entry of a guilty plea, the term is not sufficiently elastic to encompass other steps in the trial proceeding antedating the time of guilt determination, *United States v. Barton*, 566 F.2d 1106, 1107 (9th Cir. 1977).

Although sentencing under the Federal Youth Corrections Act does have benefits, the sentence of probation imposed here after the second conviction is not more harsh than appellant's sentence of incarceration imposed after his first conviction. Appellant may or may not have gained the benefits of the set-aside provisions. Even though sentenced under the Federal Youth Corrections Act in the first instance, appellant was committed to the custody of the Attorney General for treatment and supervision. When resentenced subsequent to his second plea, appellant was placed on probation with no confinement.

Appellant urges that his conviction be entered *nunc pro tunc* prior to his twenty-sixth birthday and relies upon *United States v. Rivera*, 427 F.Supp. 89 (S.D.N.Y. 1977). We find such an approval unpersuasive and in derogation of the clear express terms of 18 U.S.C. § 4216[1] which speaks in terms of "at the time of conviction."

1. 18 U.S.C. § 4216 provides:

In the case of a defendant who has attained his twenty-second birthday but has not attained his twenty-sixth birthday at the time of conviction, if, after taking into consideration the previous record of the defendant as to delinquency or criminal experience, his social background, capabilities, mental and physical health, and such other factors as may be considered pertinent, the court finds that there are reasonable grounds to believe that the defendant will benefit from the treatment provided under the Federal Youth Corrections Act (18 U.S.C., chap. 402) sentence may be imposed pursuant to the provisions of such Act.

Appellant made a deliberate choice when he requested relief from his first plea. The request was granted. Appellant thereafter could have entered a not guilty plea and proceeded to trial. He elected to once again enter a guilty plea. He was not and, indeed, could not have been adjudicated guilty until after the acceptance of this second plea. At this time he was 28 years of age and the Federal Youth Corrections Act, as extended by Section 4216, was not available to the sentencing judge.

AFFIRMED.