Edward O. Moody, Moody & Peace, Little Rock, Ark., for appellant.

Hon. George W. Proctor, U. S. Atty., and Robert L. Neighbors, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before HEANEY, Circuit Judge, GIBSON, Senior Circuit Judge, and ROSS, Circuit Judge.

PER CURIAM.

Appellant, Linda Kay Boydston, pled guilty to two counts of embezzlement from a nationally-chartered bank under 18 U.S.C. § 656. As the indictment was returned nine days after Boydston's twenty-sixth birthday, appellant motioned to be sentenced

**UNITED STATES of America, Appellee,**

v.

**Linda Kay BOYDSTON, Appellant.**

**No. 80–1081.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 23, 1980.

Decided June 5, 1980.

*nunc pro tunc* which would have permitted her to be eligible for sentencing under the Young Adult Offenders Act (Act).[1] She now appeals the decision of the trial court denying this motion and claims her inability to be sentenced under the Young Adult Offenders Act results from a violation of her constitutional rights of due process under the fifth amendment.

We affirm the decision of the district court denying appellant's motion for imposition of sentence *nunc pro tunc* under the Act. As decided in *United States v. Barton,* 566 F.2d 1106 (7th Cir. 1977), the statute is strictly construed.

> The statute is specifically limited to "a defendant who has attained his twenty-second birthday but has not attained his twenty-sixth birthday at the time of conviction." Although the term "conviction" has been liberally construed to include not only the time of judgment, but also the return of a guilty verdict or entry of a plea of guilty or *nolo contendere* (*United States v. Branic,* 162 U.S.App.D.C. 10, 495 F.2d 1066 (1974)), the term is not sufficiently elastic to encompass other steps in the trial proceeding antedating some kind of guilt determination. This is true even though the trial date is set after an arraigned defendant's 26th birthday because of court congestion, or other circumstances outside the control of the defendant.

*Id.* at 1107–08. Entering a conviction *nunc pro tunc* prior to a defendant's twenty-sixth birthday was permitted in *United States v. Villar,* 416 F.Supp. 887 (S.D.N.Y.1976) (defendant denied the effective assistance of counsel) and *United States v. Rivera,* 427 F.Supp. 89 (S.D.N.Y.1977) (thirty month delay between arrest and final sentencing during which appellant adjudicated other constitutional rights). However, the Fifth Circuit in *United States v. Riffe,* 600 F.2d 1146, 1147 (1979) found such approval to be "unpersuasive and in derogation of the clear express terms" of the Act. We do not find that the district court abused its discretion in refusing to grant appellant's motion.[2]

Additionally, we cannot say that appellant was denied any constitutional rights by failing to be sentenced under the Act. Appellant's crime was discovered in July of 1979 and she was fired from her position in the bank. Evidently, due to appellant's pregnancy, the investigator chose to defer taking any formal statements by interview until after the birth of appellant's child. The investigator did meet with appellant in October and after being given the *Miranda* warnings, she admitted acts of embezzlement. The indictment against Linda Kay Boydston was returned on November 20, 1979, and on November 27, 1979, appellant who was represented by court appointed counsel, chose to enter a plea of guilty. We do not find this sequence of events to constitute undue or unreasonable pre-indictment delay or any other due process violation.

Accordingly, the judgment of the district court is affirmed.

---

1. 18 U.S.C. § 4216. Young adult offenders

   In the case of a defendant who has attained his twenty-second birthday but has not attained his twenty-sixth birthday at the time of conviction, if, after taking into consideration the previous record of the defendant as to delinquency or criminal experience, his social background, capabilities, mental and physical health, and such other factors as may be considered pertinent, the court finds that there are reasonable grounds to believe that the defendant will benefit from the treatment provided under the Federal Youth Corrections Act (18 U.S.C., chap. 402) sentence may be imposed pursuant to the provisions of such Act.

2. Appellant's motion was denied by the sentencing judge on January 16, 1980. Apparently referring to the arraignment date of November 27, 1979, which was after appellant's November 11 birthday, the judge commented: "I don't think I would have sentenced her under that Act anyway. Nevertheless, that appears to be academic because the court would not entertain a sentence under the Act at that time."