**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gary C. THOMPSON, Defendant-Appellant.**

No. 82–2320.

United States Court of Appeals, Tenth Circuit.

Oct. 14, 1983.

---

Phil L. Hansen, Salt Lake City, Utah, for defendant-appellant.

Richard N.W. Lambert, Asst. U.S. Atty., Salt Lake City, Utah (Brent D. Ward, U.S. Atty., Salt Lake City, Utah, on the brief), for plaintiff-appellee.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

Gary C. Thompson pleaded guilty to the charge of unlawful possession of food stamps, a violation of 7 U.S.C. § 2024(b)(1). He was twenty-five years old at the time of the offense, but twenty-six when he entered the guilty plea. At sentencing, the district judge denied Thompson's request that he be sentenced pursuant to the Young Adult Offenders Act, 18 U.S.C. § 4216. That Act gives the trial judge discretion to sentence pursuant to the Federal Youth Corrections Act, 18 U.S.C. §§ 5005–5024, if the defendant "has not attained his twenty-sixth birthday at the time of conviction." 18 U.S.C. § 4216. Thompson's appeal questions the construction of § 4216 and its constitutionality as applied to his situation.

Courts have construed the term "conviction" in § 4216 to encompass not only the time when a court enters judgment, but also the time when a jury returns a guilty verdict or a defendant enters a guilty plea. United States v. Branic, 495 F.2d 1066, 1070 (D.C.Cir.1974). However, they have unanimously held that the term "conviction" may not be construed rationally as including a time before there has been some determination of guilt. United States v. Boydston, 622 F.2d 398 (8th Cir.1980); United States v. Riffe, 600 F.2d 1146 (5th Cir.1979); United States v. Barton, 566 F.2d 1106 (9th Cir.1977).

Thompson contends that if we do not construe the "time of conviction" as the "time of committing the offense" the statute is unconstitutional on equal protection grounds. Establishing the sentence for crimes is a matter of legislative concern. Cooper v. United States, 403 F.2d 71, 73 (10th Cir.1968). We therefore must uphold the legislative classification if it has a rational basis or if it has some relevance to the purpose of the classification. Marshall v. United States, 414 U.S. 417, 422, 94 S.Ct. 700, 704, 38 L.Ed.2d 618 (1973). Congress' purpose in permitting preferential sentencing of youthful offenders was to "provide a better method for treating young offenders convicted in federal courts in that vulnerable age bracket, to rehabilitate them and restore normal behavior patterns." Dorszynski v. United States, 418 U.S. 424, 433, 94 S.Ct. 3042, 3048, 41 L.Ed.2d 855 (1974). The

classification in § 4216 bears a rational relationship to that goal. Congress had to distinguish persons who are sufficiently young to benefit from the program from those who are not. Congress settled on the twenty-sixth birthday as the bright line limit and apparently concluded that age at the time of conviction is more important than age at the time of the offense for rehabilitation purposes. We see no equal protection problem in drawing the line where Congress did.

Finally, relying upon *United States v. Rivera,* 427 F.Supp. 89 (S.D.N.Y.1977), Thompson apparently contends that by not applying the act to him the court deprived him of his rights to due process under the Fifth Amendment. In *Rivera,* the defendant entered his plea of guilty after his twenty-sixth birthday only because of an unusual delay after his arrest. The delay was attributable in part to the defendant's assertion of his constitutional rights and in part to circumstances beyond his control. To avoid constitutional problems, the *Rivera* court construed section 4216 as applying to the defendant's case. We do not determine whether we agree with the *Rivera* court, *see United States v. Riffe,* 600 F.2d 1146, 1147 (5th Cir.1979), because that case is readily distinguishable. In the instant case the defendant's twenty-sixth birthday occurred before his arrest, less than two months after his first unlawful possession of food stamps and more than six months before his plea of guilty. There is no indication either of improper delay or that Thompson could have entered his plea of guilty before his twenty-sixth birthday but for his having raised proper constitutional questions. Thus, we conclude that the trial court's application of 18 U.S.C. § 4216 to the instant case did not deprive the defendant of due process.

AFFIRMED.