Melvin J. **TAYLOR**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 87–760.

District of Columbia Court of Appeals.

Argued April 11, 1989.
Decided Nov. 13, 1989.

Lawrence M. Baskir, appointed by this court, for appellant.

Kevin A. Forder, Asst. U.S. Atty., with whom Jay B. Stevens, U.S. Atty., Michael W. Farrell, Asst. U.S. Atty. at the time the brief was filed, Mary Ellen Abrecht and Craig Iscoe, Asst. U.S. Attys., were on the brief, for appellee.

Before ROGERS, Chief Judge, STEADMAN, Associate Judge, and REILLY, Senior Judge.

STEADMAN, Associate Judge:

Appellant was convicted on two counts and sentenced under § 5010(c) of the now repealed Federal Youth Corrections Act ("Youth Act"), 18 U.S.C. § 5005 *et. seq.* (1982). He took no timely appeal. The present appeal is from a subsequent denial, after an extensive evidentiary hearing, of his motion to vacate the sentence and re-enter judgment for the purpose of noting an appeal from the convictions.

■ A key issue is whether trial counsel's representation of appellant with respect to a possible appeal from his convictions amounted to ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[1] Specifically, appellant challenges trial counsel's advice that, if appellant successfully appealed his case and was again convicted in a new trial, "I do not believe that you will be eligible to be resentenced under the Youth Act" because appellant would be too old at the time of a second conviction to be subject to the Youth Act.[2]

To succeed here appellant must show "that there is a reasonable probability that, but for counsel's [allegedly] unprofessional errors, the result of the proceeding would have been different." *Strickland, supra* at 694, 104 S.Ct. at 2068. We need not reach the ultimate question of whether appellant would in fact be ineligible under the Youth Act if convicted a second time after appeal. Although this court has not decided this exact issue, we could not find that such a belief would fall outside *Strickland's* "wide range of reasonable professional assistance," *id.* at 689, 104 S.Ct. at 2065, in view of *United States v. Riffe,* 600 F.2d 1146 (5th Cir.1979) (appellant too old to be sentenced under Youth Act after second guilty plea despite fact that before he withdrew his first guilty plea he had been sentenced under the Youth Act).[3] Appellant suggests that under *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), he could not constitutionally be denied the full range of Youth Act benefits on retrial, which it seems assumed were superior to adult sentencing. This proposition, however, was rejected in *Riffe.*[4]

In short, assuming it to be true, as appellant asserts, that trial counsel advised appellant without full knowledge of the law, appellant has still failed to show that he would not have made the same decision not to appeal, given that counsel, bolstered by the knowledge of *Riffe,* would presumably have advised him in substantially the same manner. Even if trial counsel turned out to be wrong in an assessment of the legal effect of the decision to appeal on the availability of the Youth Act on retrial, he would not have rendered ineffective assistance because it could be reasonable for him to believe, given the absence of binding law in this jurisdiction, that it was best for appellant not to appeal.[5] Therefore, it is not clear that trial counsel committed pro-

---

**1.** Contrary to appellant's contention, it is not ineffective assistance *per se* for trial counsel not to note an appeal. *Lewis v. United States,* 111 U.S.App.D.C. 13, 15, 294 F.2d 209, 211, *cert. denied,* 368 U.S. 949, 82 S.Ct. 390, 7 L.Ed.2d 344 (1961). The *Strickland* tests must be met.

**2.** Trial counsel also advised appellant of his belief that appellant's case had no meritorious issues to be appealed. Appellant points out that his codefendant brother Michael Taylor raised two issues on his appeal that would also be available to appellant. Given that his brother's conviction was affirmed by a Memorandum Opinion and Judgment of this court (*Taylor v. United States,* No. 84–1730), and their somewhat similar positions at trial, we do not think that appellant has met his burden of showing trial counsel's assessment of appellant's success on appeal to be prejudicial under *Strickland v. Washington, supra.*

**3.** Appellant challenges the trial court's observation that the prevailing practice in Superior Court was not to take Youth Act appeals, but we do not rest on that assertion.

**4.** In a broader sense, appellant argues that under *Pearce,* greater punishment can never be imposed upon retrial unless based on the defendant's interim conduct. However, any such sweeping proposition has been significantly limited by subsequent cases. *See Alabama v. Smith,* — U.S. —, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), and cases cited.

**5.** Trial counsel also expressed at the hearing his belief that parole boards are sometimes reluctant to take action when a defendant still has pending court matters, which could include an appeal.

fessional error. Even if his advice was erroneous, however, appellant has not shown that a more accurate statement of the law would have swayed his decision. *Cf. Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Appellant also challenges the trial court's finding that appellant knowingly made a decision against taking an appeal.[6] Appellant testified that he told his attorney on several occasions that he wanted to appeal his conviction, and that his trial counsel never discussed with him the effect an appeal might have on his Youth Act sentence.[7] Appellant also argues that his trial counsel was untruthful in describing the events between himself and appellant in order to avoid disciplinary action. Credibility determinations to the contrary were, however, within the province of the trial court. D.C.Code § 17–305(a) (1981); *Nche v. United States,* 526 A.2d 23, 24 ·(D.C. 1987).[8]

Appellant also challenges the finding of knowing waiver as tainted by trial counsel's erroneous belief that appellant would be eligible for parole under subsection (b) of the Youth Act, 18 U.S.C. § 5010(b) (1982), rather than the somewhat more stringent subsection (c).[9] Assuming such to be the case, we do not think this man-

dates a reversal of the trial court's denial of appellant's motion; the underlying assumption here was that Youth Act treatment was in any event preferable to adult sentencing. Likewise, we see no ground for reversal in the trial court's refusal to grant the motion despite the government's initial lack of opposition.

In addition, appellant claims that his attorney did not file a notice of appeal because the attorney assumed that that action in itself would jeopardize appellant's eligibility for the Youth Act treatment. He further claims that the trial court refused to vacate and re-enter judgment based on the well-meaning but supposedly erroneous concern that appellant's eligibility for Youth Act treatment might thereby be jeopardized. We do not so read the record. At bottom, as we understand it, the trial court refused to vacate and re-enter judgment because it found that appellant had made a knowing decision not to appeal his case.

*Affirmed.*

---

**6.** Appellant claims that the trial court committed reversible error by not allowing further questioning on appellant's literacy, after appellant had already testified to the fact that he had *not completed the tenth grade and that his reading skills were poor.* However, after the trial court told appellant's counsel that appellant did not have an "independent obligation and ability" to appeal "by himself" in order to preserve his appellate rights and also agreed that the only issue was the trial counsel's effective assistance, appellant's counsel withdrew the question. Appellant also cites as error the trial court's refusal to hear testimony as to appellant's reaction on first hearing of the failure to appeal. We find no abuse of discretion. *(William) Johnson v. United States,* 452 A.2d 959, 960 (D.C.1982) ("trial judge is entrusted with broad discretion to determine the substance, form and quantum of evidence which is to be presented....").

**7.** Trial counsel testified to the contrary. As discussed above, appellant also asserts, erroneously, that such advice, even if given, was constitutionally defective.

**8.** We are cited to no support for appellant's contention that a higher standard should apply

in the case before us. We also disagree with appellant's contention that the trial court, by noting that appellant had not contacted anyone for over one year concerning his appeal (until he was contacted by appellate counsel), somehow imposed an independent obligation upon appellant to pursue his appeal without the benefit of counsel, in order to preserve his rights. Appellant's failure to contact anyone at all concerning the status of his appeal was relevant to his credibility, *Reavis v. United States,* 395 A.2d 75 (D.C.1978), and the trial court could properly make such use of this evidence.

**9.** Trial counsel advised appellant that he should be out in 24–40 months as a practical matter. "[T]he most relevant data (1985) shows that youth offenders were serving 18–24 months on a § 5010(b) sentence, and about 30 months on a § 5010(c) sentence before being released." 1 Criminal Practice Institute Trial Manual 10.56 n. 53 (1988). Appellant was sentenced in March 1985. At the hearing he testified he expected to be released in May 1989.