**UNITED STATES of America, Appellee,**

v.

**Larry Karl WILLIAMS, Appellant.**

**No. 81–1748.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 1982.

Decided Sept. 14, 1982.

Rehearing Denied Nov. 12, 1982.

Hollis K. McMilan, Federal Public Defender, Eugene, Or., for appellant.

Kenneth C. Bauman, Asst. U. S. Atty., Eugene, Or., for appellee.

Before KILKENNY, SNEED and SKOPIL, Circuit Judges.

KILKENNY, Circuit Judge:

Appellant appeals his conviction for unlawful possession of three homemade Claymore mines in violation of 26 U.S.C. §§ 5861(d) and 5871. He challenges the denial of his motion to suppress evidence of those explosives.

### FACTS

On August 15, 1980, deputies of the Josephine County Sheriff's Department conducted an aerial surveillance of National Forest Service land in a remote area of Josephine County, Oregon. The officers observed and photographed marijuana plants growing on certain unpatented mining claims. The marijuana was growing in close proximity to three buildings located on these claims.

On August 20, 1980, the deputies submitted an affidavit in support of a request for a search warrant to the Josephine County District Court. In the affidavit, the

deputies requested a warrant authorizing the search of:

"Canyon Creek Mine Nos. 1, 2, and 3 Township 39 South, Range 9, Section [sic] 10 and 11, Willamette Meridian."

And of:

"(A) A building with a light-colored roof approximately 500 feet from the marijuana

(B) A building with a light-colored roof approximately 300 feet from the marijuana

(C) A building with a green-colored roof approximately 200 feet from the marijuana."

Based upon the information contained in the affidavit, a warrant was issued authorizing the search of the

"*premises* located in the county of Josephine described as follows: Canyon Creek Mine Nos. 1, 2, and 3 in Township 39 South, Range 9, Section [sic] 10 and 11, Willamette Meridian." [Emphasis added].

The warrant authorized the search and seizure of all "evidence of active cultivation of marijuana, and evidence of its cultivator."

On August 22, 1980, a number of sheriff's deputies went to the mining claims to execute the warrant. The officers first searched the area surrounding the buildings on the claims. They located several plots of growing marijuana. The officers then searched the buildings on the claims.

One of the buildings was a log cabin, later identified as being built by Williams. Upon entering the cabin, a deputy discovered a lunch box under a workbench. On the lunch box was a piece of tape bearing the legend "L. K. Williams." Inside the lunch box, the deputy found three homemade explosive devices. Other items of personal property were found indicating that Williams was the occupier of the cabin.

A deputy contacted Williams and informed him that the matter was being turned over to the Bureau of Alcohol, Tobacco, and Firearms. Williams subsequent-

ly admitted that he had constructed the devices. A three count indictment was returned charging Williams with violation of 26 U.S.C. §§ 5861(c), (d), and (f).

Williams moved to suppress the evidence seized during the search of the mining claims. The motion was denied and, having waived jury trial, Williams was convicted of one count of violating 26 U.S.C. §§ 5861(d) and 5871. This appeal follows.

## ISSUE

The sole issue in this appeal is whether the search warrant contravened the Fourth Amendment by not describing the place to be searched with sufficient particularity.

## DISCUSSION

The Fourth Amendment provides that search warrants may be issued only on probable cause "particularly describing the place to be searched, and the persons or things to be seized." U.S.Const.Amend. IV. [Emphasis added]. This particularity requirement protects the right to be free from unbounded general searches. *United States v. Cardwell*, 680 F.2d 75, 77 (CA9 1982); *United States v. Hillyard*, 677 F.2d 1336, 1339 (CA9 1982). It ensures that "nothing is left to the discretion of the officer executing the warrant." *Marron v. United States*, 275 U.S. 192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 231 (1927); *United States v. Cardwell, supra*, at 77. The appellant contends that the description of the premises did not describe with sufficient particularity the place to be searched and thus the search was illegal.

■ The practical accuracy rather than the technical precision governs in determining whether a search warrant adequately describes the premises to be searched. *United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 745, 13 L.Ed.2d 684 (1965); *United States v. Whitney*, 633 F.2d 902, 906 (CA9 1980), *cert. denied*, 450 U.S. 1004, 101 S.Ct. 1717, 68 L.Ed.2d 208 (1981). A war-

rant is valid if the description is sufficiently definite to enable the executing officer to reasonably ascertain and identify the place to be searched and the objects to be seized. *Steele v. United States*, 267 U.S. 498, 503–04, 45 S.Ct. 414, 416, 69 L.Ed. 757 (1925); *United States v. Whitney, supra*, at 907; *Rutherford v. Cupp*, 508 F.2d 122 (CA9 1974), *cert. denied*, 421 U.S. 933, 95 S.Ct. 1663, 44 L.Ed.2d 92 (1975). The necessary specificity of the description will differ as between urban and rural areas and depends heavily upon the factual circumstances of each case.

In this case, the mining claims were located in an isolated rural area where street addresses and mail delivery were nonexistent. The warrant described the geographical location to be searched by commonly accepted mining claim numbers, including township, range, section, and meridian. We agree with the trial court that this description of the premises was a reasonable means of identifying the premises to be searched.

Appellant further claims the search of his cabin exceeded the scope of the warrant because the warrant referred only to "premises" and did not specifically mention buildings and structures upon the land. We find this argument meritless. In *United States v. Meyer*, 417 F.2d 1020 (CA8 1969), the Eighth Circuit addressed a similar issue. In *Meyer*, a warrant that described the geographical location and authorized the search of the premises known as "80 acres in the name of Otto Lewis Meyer and Margie M. Meyer" was found sufficient to authorize a search of buildings upon the land. In arriving at this conclusion, the court stated:

"The word 'premises' when used to describe an estate in land almost invariably refers to land and the tenements or appurtenances thereto. 33 Words and Phrases, pp. 354–358 (1940). In Black's Law Dictionary (4th ed. 1957) at 1344 premises is defined as: 'Lands and tene-

ments; an estate; land and buildings thereon;'. It is particularly clear here that the word premises was used in the warrant to include and to authorize a search of buildings standing upon the land, since many of the items sought … would in all likelihood be found only within the confines of a building." 417 F.2d at 1023.

We find the court's reasoning in *Meyer* persuasive. It is clear that the Magistrate issuing the warrant intended to use the word premises in the warrant to include and authorize a search of the buildings on the mining claims. Furthermore, after marijuana gardens were discovered growing within a short distance of appellant's cabin, the trained officers had sufficient grounds to believe that evidence of marijuana, such as implements used in cultivation, the marijuana seed, or infant plants, would likely be found in the cabin.

Finally, appellant argues that the search of the lunch box exceeded the scope of the warrant. We disagree. It was reasonable to infer that evidence of marijuana cultivation, such as the marijuana seed, small implements used in cultivation, or documents identifying the cultivator would be found in the lunch box. Moreover, it would be absurd to suggest that a warrant to search the premises could be frustrated by simply concealing the marijuana inside a closed container.

The fact that explosives rather than marijuana were found inside the lunch box is of no consequence. The explosives were inadvertently discovered by officers executing a valid search warrant. It was immediately apparent that the explosives were contraband. Thus, under the plain view doctrine they were properly seized. *Coolidge v. New Hampshire*, 403 U.S. 443, 466, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971); *United States v. Hillyard, supra*, at 1341.

For the above stated reasons, we conclude that the search warrant was valid and the evidence seized admissible. We, therefore,

AFFIRM the judgment of the district court.