UNITED STATES of America, Plaintiff–Appellee,

v.

Rene Antoine GUY, Defendant–Appellant.

UNITED STATES of America, Plaintiff–Appellee,

v.

Kenneth Ray BARNES, Defendant–Appellant.

Nos. 88–3178, 88–3179.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 1989.

Decided May 21, 1990.

As Amended July 31, 1990.

Before BROWNING and FLETCHER, Circuit Judges, and REED, Jr.,[*] District Judge.

PER CURIAM:

Appellants Guy and Barnes were arrested by Washington authorities during a search of their apartment. Deputies found in Barnes' pocket a receipt for a safe, including the safe's serial number and combination. The serial number matched that of a safe found in appellants' bedroom. On top of the safe, the deputies found a gram scale; on the floor in front of the safe they found a shotgun. The deputies seized the safe, obtained a second search warrant, and opened the safe to find $2,500 in cash and approximately 900 grams of cocaine base. A quantity of marijuana was also found in the bedroom.

The state charged Guy and Barnes with possession of marijuana and cocaine with intent to deliver. They pled guilty to the marijuana charge in return for dismissal of the cocaine charge.

Based on the same nucleus of conduct, Guy and Barnes were subsequently indicted and convicted in federal court of conspiracy to distribute cocaine, possession of a sawed-off shotgun, possession of more than 50 grams of cocaine base with intent to distribute, and knowing use of a firearm in relation to a drug trafficking crime.

Guy and Barnes appeal their convictions asserting four errors: (1) the federal trial exposed them to double jeopardy; (2) the safe was illegally seized and its contents should have been suppressed; (3) the evidence did not support their conviction on the firearm charge; and (4) the trial court erred in instructing the jury on the firearm charge.

Thomas A. Cena, Jr., William R. Michelman, Tacoma, Wash., for defendants-appellants.

Mark N. Bartlett, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

* Honorable Edward C. Reed, Jr., District Judge, United States District Court for the District of Nevada, sitting by designation.

## DOUBLE JEOPARDY CLAIM

Guy and Barnes allege the state offered the plea agreement because they knew the original search warrant for the apartment was flawed under state law. Guy and Barnes made an offer of proof that the federal charges were brought to avoid the stricter requirements of state law as to the reliability of informants, and because more severe sentences could be imposed under federal statutes.

Guy and Barnes claim the federal prosecution was really a cover for repetition of a failed state prosecution, and falls within an exception to the general rule that the double jeopardy clause is not implicated where separate sovereigns pursue separate prosecutions against the same defendant. *See Bartkus v. Illinois*, 359 U.S. 121, 123–24, 79 S.Ct. 676, 678, 3 L.Ed.2d 684 (1959); *United States v. Bernhardt*, 831 F.2d 181, 182–83 (9th Cir.1987). The district court rejected a petition for an evidentiary hearing and denied the claim.

■ The government argues we should not consider this appeal on the merits because our prior unpublished memorandum decision in *United States v. Thompson*, 874 F.2d 817 (9th Cir.1989), is "law of the case." *See* 9th Cir.R. 36–3. In the original federal indictment Guy and Barnes were charged together with another participant, Thompson. All filed motions to dismiss on double jeopardy grounds which were denied. Thompson's trial was severed and he immediately appealed. Guy and Barnes waited to appeal the issue until after trial and conviction. In *Thompson* we considered the precise double jeopardy arguments raised here and affirmed the district court.

The government cites *United States v. Houser*, 804 F.2d 565, 567–69 (9th Cir. 1986), in support of its argument that the "law of the case" doctrine applies. In *Houser*, the same party brought an issue first before a motions panel and then to a merits panel of this court. In contrast, this case involves different parties convicted in different trials. It is closer to *United States v. Maybusher*, 735 F.2d 366, 370 (9th Cir.1984), where we noted "[t]he doctrine typically applies to the same case when the parties in the subsequent proceeding were also the parties to the former appellate decision.... Maybusher was not a party to the final proceedings in [the previous appeal], and his ultimate conviction did not occur as a result of the same trial as his co-defendants. The doctrine does not apply in this matter." *Id.*

While our decision in *Thompson* is not "law of the case" for Guy and Barnes, we reach the same result as the prior panel for the following reasons.

■ The basic rule asserted by Guy and Barnes is well-understood. No person shall "be subject for the same offense to be twice put in jeopardy of life or limb...." U.S. Const. Amend. V. However, the prohibition against twice being placed in jeopardy does not foreclose a second prosecution by a different sovereign for the same offense. *Heath v. Alabama*, 474 U.S. 82, 93, 106 S.Ct. 433, 439, 88 L.Ed.2d 387 (1985).

■ It is a narrow exception to the dual sovereignty rule that is implicated in this case. If the second prosecution, otherwise permissible under the dual sovereignty rule, is not pursued to vindicate the separate interests of the second sovereign, but is merely pursued as a sham on behalf of the sovereign first to prosecute, it may be subject to a successful double jeopardy challenge. *United States v. Bernhardt*, 831 F.2d at 182.

■ Guy and Barnes maintain that the facts presented here are sufficient to sustain a successful double jeopardy attack on the federal prosecution. We disagree.

First, it is noted that the federal charge does not duplicate the state offenses. Guy and Barnes were put in jeopardy in the state court only for possession of marijuana. In federal court they were charged with conspiracy to distribute cocaine, possession of cocaine base, and possession of a sawed-off shotgun. The federal sovereign thus sought to vindicate separate interests than did the state sovereign.

It is true that the federal government relied in part on information provided by

the state, but there is evidence of independent federal involvement as well. The actions of federal enforcement officials, acting independently to vindicate federal interests, are sufficient to remove this case from the reach of the *Bartkus* exception.

For these reasons we hold the district court properly denied Guy's and Barnes' motions to dismiss on double jeopardy grounds.

### SEIZURE OF THE SAFE

█ Guy and Barnes argue seizure of the safe was illegal. They contend seizure of the safe was not authorized by the warrant because the safe was not specifically described in the warrant, and the seizure was not justified by the plain view doctrine because the safe was neutral, ambiguous and without evidentiary value.

We conclude the safe was subject to seizure under the plain view doctrine. "[T]he plain view doctrine limits the right of seizure to items, the incriminating nature of which is immediately apparent to the searching officer." *United States v. Wright*, 667 F.2d 793, 797 (9th Cir.1982). Conversely, items in plain view may be seized when "there is probable cause to associate the property with criminal activity." *Payton v. New York*, 445 U.S. 573, 587, 100 S.Ct. 1371, 1380, 63 L.Ed.2d 639 (1980). The presence of the safe was indicative of narcotics activity when considered with the other evidence known to the officers—Barnes' personal possession of $670 in currency, mostly in 20's (the street price for a unit of "crack"), a price list for "crack," and a receipt for the safe and instructions for its use; and the presence of the gram scale on top of the safe and the shotgun on the floor in front of the safe. Seizure of the safe was justified by the same probable cause that justified the subsequent issuance of a warrant for opening the safe.

### THE FIREARM USE CHARGE

█ Each appellant contends there was insufficient evidence to support his conviction under 18 U.S.C. § 924(c) as a person who "uses" a firearm "in relation to" a drug trafficking offense because there was no evidence the shotgun discovered in the apartment was ever "used" by either of them.

Appellants rely upon *United States v. Feliz–Cordero*, 859 F.2d 250 (2d Cir.1988), holding that mere "presence" of a handgun in a defendant's bedroom dresser drawer was not sufficient to support a conviction under § 924(c). The evidence in this case was not limited to mere "presence" of the shotgun in appellants' apartment. The jury was presented with the following proof:

(1) Guy and Barnes directed the purchase of two shotguns through Carpenter, a dealer in cocaine supplied by Guy and Barnes; (2) they shortened one of the shotguns to a sawed-off length; (3) they had a third party purchase the ammunition; (4) the shotgun was found on the floor in front of the safe containing the cocaine and $2,500 in cash; (5) they were living in the apartment where the shotgun was found and had sold narcotics from the apartment; and (6) an expert witness testified as to the role sawed-off shotguns played in protecting cocaine distribution operations.

On this evidence, a reasonable jury could have found the shotgun was used in relation to the drug trafficking offense, as required for conviction under § 924(c), because "it was strategically located so as to be quickly and easily available for use during such a transaction," *id.* at 254, and because "circumstances of the case show that the firearm facilitated or had a role in the crime, such as emboldening an actor who had the opportunity or ability to display or discharge the weapon to protect himself or intimidate others, whether or not such display or discharge in fact occurred," *United States v. Stewart*, 779 F.2d 538, 540 (9th Cir.1985).

### INSTRUCTION 17

Guy and Barnes challenge the jury instruction on the firearm use offense based

on the premise that the evidence was insufficient to support a conviction. Since we conclude the evidence supported the conviction for this offense, we also conclude it was not an abuse of discretion to give the challenged jury instruction.

AFFIRMED.