942 F.2d 795
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marcus VICKERS, Defendant-Appellant.
 No. 90-10187.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 15, 1991.*
Decided Aug. 30, 1991.
 
 Before BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 There was sufficient evidence to support Vickers' conviction for use of a firearm in a drug trafficking offense. A reasonable jury can infer an intent to use a gun in relation to a drug trafficking offense if the firearm is "strategically located so as to be quickly and easily available for use during [a drug] transaction." United States v. Guy, 903 F.2d 1240, 1243 (9th Cir.1990). A firearm is available for purposes of 18 U.S.C. § 924(c)(1) if "its physical proximity to the defendant at any time during the commission of the crime, or during arrest, supports the inference that it emboldened him to commit the underlying offense or to resist arrest." United States v. Torres-Medina, 935 F.2d 1047, 1050 (9th Cir.1991) (handgun lying alongside cocaine in crawlspace under house supported disabled defendant's conviction for use of a firearm in relation to possession of cocaine for sale).[1]
 
 
 3
 A rational jury could have found Vickers "used" the gun based on the following evidence: (1) both guns were loaded, (2) both were semiautomatic and of a type used by drug traffickers, (3) both were hidden in a backyard barbecue where they were unlikely to be useful for personal protection, (4) the placement of one of the guns showed a direct connection to the drug proceeds because it was in the same bag as the money, (5) when Vickers fled he lifted the lid of the barbecue concealing the guns and money and ran off with over 39 grams of cocaine and 293 grams of cocaine base, and (6) expert testimony indicated the use of firearms in protecting cocaine distribution operations.[2]
 
 
 4
 Vickers' complaint the district court never defined "in relation to" or made clear that mere possession would not satisfy 18 U.S.C. § 924(c)(1) in its jury instructions is meritless. The district court instructed the jury to convict only if it found "the defendant knowingly used the Glock .9 mm pistol and the Colt 45 caliber pistol while committing the crime." The court also instructed as follows:
 
 
 5
 The defendant is considered to have "used" a firearm if its presence in his possession in any manner facilitated the carrying out of the drug trafficking crime.... However, the mere presence of the firearm does not constitute "use" within the meaning of the statute.
 
 
 6
 The defendant has "used" a firearm if it was an integral part of the criminal undertaking and its availability increased the likelihood that the criminal undertaking would succeed.
 
 
 7
 Furthermore, Vickers' proposed jury instructions below merely rephrase these instructions.
 
 
 8
 Expert testimony on the use of guns in drug operations was properly admitted. See Guy, 903 F.2d at 1243 (expert witness testimony on the role of sawed-off shotguns in protecting cocaine operations); United States v. Andersson, 813 F.2d 1450, 1458 (9th Cir.1987) (expert testimony regarding typical drug transactions and whether defendant's conduct was counter-surveillance admitted as expert testimony); United States v. McCollum, 802 F.2d 344, 345 (9th Cir.1986) (expert testimony regarding mail fraud in general and false directory schemes in particular); United States v. Johnson, 735 F.2d 1200, 1202 (9th Cir.1984) (government agents may testify as to general practices of criminals to establish modus operandi).[3]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Vickers argues the Ninth Circuit requires the defendant knowingly use the firearm as an offensive weapon for a specific criminal act, based on Judge Kozinski's characterization of United States v. Phelps, 877 F.2d 28 (9th Cir.1988), reh'g denied, 895 F.2d 1281 (9th Cir.1990) (Kozinski, J., dissenting). Phelps is distinguishable because the gun was an item of barter in a drug transaction. Phelps, 877 F.2d at 30
 
 
 [2]
 United States v. Feliz-Cordero, 859 F.2d 250, 254 (9th Cir.1988), cited by Vickers, is distinguishable. In Feliz-Cordero no evidence was presented that the firearm would have been quickly accessible if needed, id. at 254, whereas the two guns in this case were found in the barbecue Vickers opened and closed immediately before he fled the residence
 
 
 [3]
 Vickers also argues the agent's testimony was highly prejudicial because it cloaked the government's evidence in an "aura of special reliability and trustworthiness," United States v. Amaral, 488 F.2d 1148, 1152 (9th Cir.1973), and allowed the government additional summation, United States v. Nersesian, 824 F.2d 1294, 1308 (2d Cir.1987), without being helpful to the jury. The testimony was helpful and the district court did not abuse its discretion in concluding its value exceeded any prejudice to Vickers