956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Arthur BUHRMASTER, Defendant-Appellant.
 No. 91-30216.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1992.*
Decided March 11, 1992.
 
 Before SKOPIL, CYNTHIA HOLCOMB HALL and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Buhrmaster appeals from a judgment of conviction for possession with intent to distribute cocaine. 21 U.S.C. § 841(a)(1) (1988). He argues that the district court erred in denying his motion to suppress evidence. We affirm.
 
 DISCUSSION
 I. Omissions from the Affidavit
 
 3
 Buhrmaster contends that the affiant omitted numerous facts from the search warrant affidavit. A search warrant is invalid if the affiant deliberately or recklessly omitted facts that if included would have precluded a finding of probable cause. United States v. Stanert, 762 F.2d 775, 781, 782 (9th Cir.1985).
 
 
 4
 Buhrmaster first argues that the affiant omitted facts indicating that the informant's confession was involuntary. We agree with the district court that the confession was voluntary. An officer's representation that the informant would be better off if he cooperated, standing alone, does not render a confession involuntary. See United States v. Pinion, 800 F.2d 976, 981 (9th Cir.1986), cert. denied, 480 U.S. 936 (1987); United States v. Curtis, 562 F.2d 1153, 1154 (9th Cir.1977), cert. denied, 439 U.S. 910 (1978).
 
 
 5
 Next, Buhrmaster contends that the affiant omitted facts showing that police violated the informant's Miranda rights by questioning him after he had requested counsel. The facts do not support that contention. Therefore, Collazo v. Estelle, 940 F.2d 411 (9th Cir.1991), cert. denied, 112 S.Ct. 870 (1992), on which Buhrmaster relies, is inapposite. Even if the informant's Miranda rights were violated, however, police may use voluntary statements obtained in violation of Miranda to obtain a search warrant. United States v. Patterson, 812 F.2d 1188, 1193 (9th Cir.1987), cert. denied, 485 U.S. 922 (1988).
 
 
 6
 Buhrmaster's remaining arguments about omissions lack merit. The facts that (1) the informant's waiver of counsel was tape recorded and (2) the Department of Motor Vehicles (DMV) showed a different address for Buhrmaster than the house identified by the informant, would not have significantly detracted from a finding of probable cause. Buhrmaster's assertion that the affidavit failed to state that the informant's description of Buhrmaster differed from the description provided by the DMV is inaccurate. The affidavit included both descriptions. The district court properly concluded that no facts were omitted that would have precluded a finding of probable cause.
 
 II. Probable Cause
 
 7
 Buhrmaster contends that the affidavit does not support a finding of probable cause because there was no showing that the informant was reliable. We disagree. The informant observed the events first hand and gave a detailed account of what he saw. See United States v. Elliott, 893 F.2d 220, 223 (9th Cir.) (informant who gave detailed eye-witness account was reliable), cert. denied, 111 S.Ct. 268 (1990). The informant's statements were against his penal interest and later corroborated by police. United States v. Angulo-Lopez, 791 F.2d 1394, 1397 (9th Cir.1986) (statements against penal interest that were corroborated were reliable). The fact that the informant was under criminal investigation for related activity is immaterial. United States v. Banks, 539 F.2d 14, 17 (9th Cir.), cert. denied, 429 U.S. 1024 (1976).
 
 III. Seizure and Search of Safes
 
 8
 Buhrmaster contends that the seizure of two safes from his home was unlawful because it could not have been immediately apparent that they were incriminating. See Horton v. California, 110 S.Ct. 2301, 2308 (1990). The safes were properly seized pursuant to the plain view doctrine. United States v. Guy, 903 F.2d 1240, 1243 (9th Cir.1990). The warrant authorized police to open the safes, and although police waited until the next day to open them, an additional warrant was not required. See United States v. Williams, 687 F.2d 290, 293 (9th Cir.1982) (police may search containers in which the objects of the search may be found); United States v. Johns, 469 U.S. 478 (1985) (search of packages three days after lawfully removing them from vehicle was lawful).
 
 IV. Seizure of Pager
 
 9
 Buhrmaster contends that the seizure of his pager was unlawful because although police knew that Buhrmaster and the informant communicated by pager, the pager was not specified in the warrant. Inadvertent discovery is no longer an element of the plain view doctrine. Horton, 110 S.Ct. at 2304. Police properly seized the pager.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3