5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Susan Irene BROOKOVER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paula June SEERY, Defendant-Appellant,
 Nos. 93-10053, 93-10054.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 25, 1993.
 
 Appeal from the United States District Court for the District of Hawaii; Nos. CR-92-00541-01-DA CR-92-00541-02-DA, David A. Ezra, District Judge, Presiding.
 D.Hawaii.
 AFFIRMED.
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, Susan Brookover and Paula Seery appeal the district court's denial of their motion to dismiss the indictment charging them with conspiracy, and cultivating and possessing marijuana plants in violation of 21 U.S.C. Secs. 841(a)(1), 846. Brookover and Seery contend the district court erred by denying their motion to dismiss the indictment on double jeopardy grounds because the instant federal prosecution was a "sham" for an earlier state prosecution in which they were acquitted. We have jurisdiction for this interlocutory appeal from a ruling on double jeopardy, see United States v. Figueroa-Soto, 938 F.2d 1015, 1016 (9th Cir.1991), cert. denied, 112 S.Ct. 1181 (1992), and we affirm.
 
 A. Background
 
 3
 The following facts were adduced from testimony at an evidentiary hearing on the motion to dismiss. In August 1988, the state of Hawaii charged Brookover and Seery with cultivation of marijuana, trespassing, and theft. In October 1989, jury trial commenced. Following the prosecutor's case-in-chief, the state court judge granted a defense motion for judgments of acquittal on the theft and marijuana charges based upon insufficient evidence. Larry Butrick, then Maui County Deputy Prosecuting Attorney for the case, dismissed the trespassing charge.
 
 
 4
 Shortly thereafter, Butrick ordered transcripts of the state proceedings and contacted the United States Attorney for the District of Hawaii to review the case. In a reply letter, the U.S. Attorney asked Butrick to provide, among other things, a copy of the indictment, police reports, transcripts of the state proceedings and to preserve the evidence. Butrick sent a letter containing the requested information and an assessment of the case to U.S. Attorney Daniel Bent.
 
 
 5
 In November 1989, Butrick filed a notice of appeal with the state appellate court. While the notice of appeal was pending, Butrick filed a motion for reconsideration with the state court judge. Subsequently, Butrick withdrew both the motion and notice of appeal.
 
 
 6
 In April 1990, Butrick sent additional information to Thomas Muehleck, the Assistant U.S. Attorney assigned to the case. Muehleck then conducted an investigation of the case. At the expense of the federal government, Muehleck twice travelled from Honolulu to Maui and met with Maui Police Sergeant Robert Fernandez, the investigating and arresting officer, in the state prosecution. Muehleck also interviewed other police officers and witnesses. Muehleck further instructed the Maui police to conduct a fingerprint examination of the physical evidence found in the area near the marijuana plants; to obtain an aerial map of the area surrounding the marijuana plants; to obtain a certified copy of Seery's auto registration; and to enlarge, at federal expense, Maui police photographs of the marijuana patch taken for the state trial. On three occasions, at the expense of the federal government, Sergeant Fernandez travelled from Maui to Honolulu to discuss the case with Muehleck. Sergeant Fernandez also interviewed a witness who had not been interviewed during the state proceedings. Butrick did not assist Muehleck in the federal investigation.
 
 
 7
 In June 1991, Butrick became the Maui County Prosecuting Attorney. Shortly thereafter, U.S. Attorney Bent had lunch with Butrick and a former state prosecutor. During the lunch, Bent informed Butrick that the federal prosecution of Brookover and Seery was "going to go forward."
 
 
 8
 In April 1992, a federal grand jury returned an indictment charging Brookover and Seery with conspiracy, and cultivating and possessing marijuana plants in violation of 21 U.S.C. Secs. 841(a)(1), 846. Brookover and Seery moved to dismiss the federal indictment on the grounds of double jeopardy. The district court denied the motion.
 
 B. Analysis
 
 9
 We review de novo the district court's denial of a motion to dismiss an indictment on double jeopardy grounds. United States v. Castiglione, 876 F.2d 73, 75 (9th Cir.1988), cert. denied, 493 U.S. 954 (1989). We review for clear error the court's underlying factual findings. United States v. Velarde-Gavarrette, 975 F.2d 672, 674 (9th Cir.1992).
 
 
 10
 "Under the dual sovereignty doctrine, successive prosecutions by separate sovereigns for crimes arising out of the same acts are not by barred by the Double Jeopardy Clause." United States v. Traylor, 978 F.2d 1131, 1132 (9th Cir.1992) (per curiam), cert. denied, 113 S.Ct. 1958 (1993). We have, however, recognized a narrow exception to this rule: "[i]f the second prosecution, otherwise permissible under the dual sovereignty rule, is not pursued to vindicate the separate interests of the second sovereign, but is merely pursued as a sham on behalf of the sovereign first to prosecute, it may be subject to a successful double jeopardy challenge." United States v. Guy, 903 F.2d 1240, 1242 (9th Cir.1990) (per curiam); accord Bartkus v. Illinois, 359 U.S. 121, 123-24 (1959). Cooperation between state and federal authorities does not invoke this narrow exception. Bartkus, 359 U.S. at 123; Figuero-Soto, 938 F.2d at 1020 (9th Cir.1991).
 
 
 11
 Brookover and Seery argue the narrow exception applies here because: (1) the federal government had no interest in the case until contacted by Butrick; (2) the state's motivation in urging the federal prosecution was vindictive; (3) the federal government did not indict them until Butrick was appointed Prosecuting Attorney for Maui County; and (4) the majority of the federal government's evidence was obtained during the state investigation. We disagree.
 
 
 12
 The initiation of federal prosecution at the request of the state does not invoke the exception. See Figueroa-Soto, 938 F.2d at 1019. Even assuming the state acted vindictively in requesting federal involvement, the independent federal investigation sought to vindicate separate interests from the state sovereign. See Guy, 903 F.2d at 1242-43. There is no indication in the record that timing of the federal indictment was linked to Butrick's appointment as Maui County Prosecuting Attorney or that Butrick assisted in the federal investigation. Although the federal government relied in part on evidence gathered by the state, there is sufficient evidence of an independent federal investigation. See id. at 1243.
 
 
 13
 Brookover and Seery also argue the district court's finding that the U.S. Attorney interviewed new witnesses was clearly erroneous because neither the identity of the witnesses nor their statements was disclosed to defense counsel. Nonetheless, because Brookover and Seery failed to produce any evidence to the contrary, we cannot say the court's finding was clearly erroneous.
 
 
 14
 Finally, Brookover and Seery argue the district court erred by not disclosing the contents of a letter, which it reviewed in camera, from Butrick to the U.S. Attorney. Following our review of the sealed letter, we conclude the district court properly withheld the letter from defense counsel as it contained privileged information outside the scope of discovery and not relevant in this case.
 
 
 15
 Accordingly, we hold the district court properly denied Brookover's and Seery's motion to dismiss on double jeopardy grounds. See Guy, 903 F.2d at 1243.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3