26 F.3d 131
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kurt KASHIWABARA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-16324.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1994.*
Decided May 19, 1994.
 
 Before: FARRIS, BEEZER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kurt Kashiwabara appeals the district court's denial of his petition for habeas corpus, 28 U.S.C. Sec. 2255, following his conviction on assorted drug charges. The district court rejected Kashiwabara's claim that his trial counsel was ineffective, holding that (a) the suppression motions Kashiwabara claims his counsel should have filed would have been denied, and (b) counsel's trial performance was not deficient for Sixth Amendment purposes. Kashiwabara argues that the district court was wrong on both counts. We have jurisdiction, id., and we affirm.
 
 
 3
 * "We review findings of fact in ineffective assistance of counsel cases for clear error." United States v. Garcia, 997 F.2d 1273, 1283 (9th Cir.1993). "Whether the facts suffice to establish ineffective assistance is a question of law reviewed de novo." Id.
 
 II
 
 4
 "To establish ineffective assistance, [Kashiwabara] must show deficient performance and prejudice." Id. (citing Strickland v. Washington, 466 U.S. 668, 687-90 (1984)). "For Strickland to apply the trial must have involved more than the admission of illegally-obtained evidence; there must also have been fundamental unfairness in the trial so that its result was unjust." United States v. $30,440 in United States Currency, 2 F.3d 328, 330 (9th Cir.1993) (citing Lockhart v. Fretwell, 113 S.Ct. 838, 843 (1993)), cert. denied, 114 S.Ct. 1329 (1994).
 
 
 5
 Kashiwabara argues that Fernandez rendered ineffective assistance by failing to file motions to suppress (a) evidence uncovered during the search of the handbag and the purse, and (b) Kashiwabara's statements to the FBI. With respect to a suppression motion that counsel never filed, we have held that the prejudice prong requires the defendant to "establish that had the motion been filed, there was a reasonable probability that the evidence would have been suppressed, and the outcome of the trial would have been different had the evidence been suppressed." Lowry v. Lewis, No. 93-15267, slip op. 3317, 3323 (9th Cir. Apr. 7, 1994) (citing Kimmelman v. Morrison, 477 U.S. 365, 375 (1986)). The district court concluded that Kashiwabara failed to show a reasonable probability that evidence would have been suppressed if Fernandez filed the motions. We agree.
 
 
 6
 * Kashiwabara argues that effective counsel would have moved to suppress the gun and the drugs discovered in the handbag and the purse, and that the motion would have been granted. The district court concluded that Kashiwabara would have suffered no prejudice, since the motion would have been denied. The district court was correct.
 
 
 7
 Kashiwabara relies on United States v. Robertson, 833 F.2d 777 (9th Cir.1987), where we held that the search of the defendant's backpack violated the Fourth Amendment. We emphasized that an item such as a backpack is "so closely associated with one's person that a search of [it] must be supported by a warrant which satisfies the particularity requirement, or by one of the exceptions to the warrant requirement." Id. at 784. Because the warrant the officers obtained did not identify the backpack, and because the officers developed no probable cause at the scene to believe the backpack might contain evidence of criminal activity "afoot," we ordered the evidence discovered in the backpack suppressed. Id.
 
 
 8
 The district court found this case more analogous to United States v. Williams, 687 F.2d 290 (9th Cir.1982), where we held that the search of a lunch box discovered in a building adjacent to a marijuana-cultivating field was authorized by a warrant to search and seize all "evidence of active cultivation of marijuana." Id. at 292. We found it "reasonable to infer" that such evidence (e.g., marijuana seeds) would be discovered in the lunch box, and also termed it "absurd to suggest that a warrant to search the premises could be frustrated by simply concealing the marijuana inside a closed container." Id. at 293.
 
 
 9
 The district court was correct to find Williams controlling. The search warrant authorized agents to seize "controlled substances," drug "paraphernalia," "receipts, notes," and many other items that an agent reasonably could expect to find in either the handbag or the purse. See id. In contrast to Robertson, where the defendant was carrying the backpack when the officers stopped her, 833 F.2d at 784, the handbag and purse were not in Kashiwabara's possession; the handbag and purse were located, respectively, underneath and on top of a coffee table close to where Kashiwabara was sitting when the agents entered the apartment. The agents had good reason to suspect that the handbag and the purse belonged to Kitigawa, who was the focus of the agents' investigation and whose apartment was the subject of the search warrant. Kitigawa was seated close to the coffee table and the two bags when the agents came in; although Kashiwabara insists that "it was obvious from the location of the purses that the FBI knew or should have known they belonged to [him,]" he testified at the evidentiary hearing on his Sec. 2255 petition that when the agents first asked him who owned the bags, he replied "I don't know."[1]
 
 
 10
 Kashiwabara also claims the search was invalid because the agents had no reason to suspect he was anything other than an "innocent visitor" to the apartment. Id. at 782. This argument depends on the handbag and the purse being considered "part of" Kashiwabara's "person." Id. at 784. As we have discussed, the facts that allowed us to reach such a conclusion in Robertson are missing in this case.
 
 
 11
 Because any motion to suppress the contents of the handbag and the purse would have been denied on the authority of Williams, Kashiwabara cannot show prejudice, and therefore cannot show ineffective assistance of counsel, based on Fernandez's failure to file such a motion.
 
 B
 
 12
 Kashiwabara argues that reasonably competent counsel would have filed a motion to suppress his November 9 and November 11 statements, and that the district court would have granted the motion with respect to both statements.
 
 
 13
 With respect to the November 9 statement, Kashiwabara first argues that the statement would have been suppressed under the "fruit of the poisonous tree" doctrine, see Wong Sun v. United States, 371 U.S. 471 (1963), the "poisonous tree" being the illegal search of the handbag and the purse. As we have held that the search was not illegal, this argument fails.
 
 
 14
 Kashiwabara next argues that the November 9 statement would have been suppressed as involuntary. Reviewing the totality of the circumstances, see Arizona v. Fulminante, 499 U.S. 279, 285 (1991), the district court concluded that such a motion would have failed. We agree. Kashiwabara argued that the November 9 statement was involuntary on account of (1) the agents' promising him that nothing he said would be used against him; (2) the agents' inducing him to speak in exchange for removing the handcuffs; (3) his extreme physical exhaustion; and (4) his drug intoxication.
 
 
 15
 After conducting an evidentiary hearing, the district court made a factual finding that the agents never promised Kashiwabara that his statements wouldn't be used against him. The district court found that Kashiwabara read and signed the written Miranda waiver form; that he'd been read his rights on prior occasions, and therefore understood the substance of those rights; and that the agents, who testified they never made any such promise, were more credible than was Kashiwabara. This finding is not clearly erroneous.
 
 
 16
 The district court also found that the agents didn't use the handcuffs as a bargaining chip for getting Kashiwabara to speak. Kashiwabara asserts that the trial record contradicts this finding, but he is incorrect. Kashiwabara cites the same part of Agent McNally's cross-examination cited by the district court; McNally testified that he took the handcuffs off because Kashiwabara had started cooperating with the police. McNally did not testify that he told Kashiwabara the handcuffs would be removed if he spoke; nor did Kashiwabara testify to that effect at the evidentiary hearing. The district court's finding on this issue is not clearly erroneous.
 
 
 17
 As for Kashiwabara's purported fatigue, the district court found there was no evidence that he told the agents he was tired, and that he didn't fall asleep until the agents finished questioning him. The court also rejected Kashiwabara's claim that he was clearly under the influence of drugs, finding that his answers to the agents' questions were coherent and detailed. The court's findings are supported by McNally's testimony at trial and at the evidentiary hearing, and they are not clearly erroneous. Because the facts, as found by the district court, do not support the conclusion that Kashiwabara's November 9 statement was involuntary, Kashiwabara is unable to satisfy the prejudice prong of Strickland.
 
 
 18
 Kashiwabara fares no better with respect to the November 11 statement. He again argues that the statement was the fruit of the poisonous tree, but as there was no constitutional infirmity in either the search or the obtaining of the November 9 statement, this argument fails. In his reply brief, Kashiwabara makes much of the fact that he was in custody at the time he made the November 11 statement. Kashiwabara read and signed a Miranda waiver prior to making that statement, and there is nothing in the record indicating the statement was made involuntarily. Any motion to suppress this statement would have been denied, and accordingly Kashiwabara cannot meet the Strickland prejudice prong.
 
 III
 
 19
 Kashiwabara also argues that Fernandez's trial performance was deficient based on his assertion the attorney was addicted to drugs during the trial. He claims the district court erred in concluding that Fernandez provided "adequate and competent assistance of counsel at trial," particularly since the district court did not permit Fernandez to testify at the evidentiary hearing. However, the only specific example of Fernandez's ineffectiveness that Kashiwabara identifies is his attorney's failure to file the pretrial suppression motions. As we discussed in part II, supra, this did not render Fernandez's assistance ineffective for Sixth Amendment purposes. Fernandez's testimony at the evidentiary hearing would have had no bearing on the Strickland prejudice inquiry, as the facts that would have doomed any of the suggested motions were fully developed in the record, and stemmed from events that took place prior to Fernandez's association with the case.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Kashiwabara admitted that the two bags were his after the agents discovered the gun in the handbag. Kashiwabara's arguments with respect to the never-filed motion to suppress this admission are discussed in part B, infra