NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30031 |
| Plaintiff - Appellee, | D.C. No. 1:09-cr-00066-RFC-1 |
| v. | |
| LIONEL COTY BRINKERHOFF, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Submitted November 1, 2010[**]

Portland, Oregon

Before:   W. FLETCHER and FISHER, Circuit Judges, and BURY,
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable David C. Bury, United States District Judge for the District of Arizona, sitting by designation.

Petitioner Lionel Coty Brinkerhoff appeals from a conditional plea after the denial of his motion to suppress. We AFFIRM the district court.

The collective knowledge doctrine is applicable to this case. *See United States v. Ramirez*, 473 F.3d 1026, 1031-3 (9th Cir. 2007). Wyoming officers had reported to Montana Officer Olson that a man had loaded a semi-automatic pistol in a parking lot outside a convenience store and had uttered profanities in a threatening manner to a customer in the parking lot. Wyoming officers, relying on information from a 911 call to dispatch, also told Montana officer Olson that the suspect was driving a green car, as was Brinkerhoff. When Officer Olson called in Brinkerhoff's plate to Wyoming police, he was informed he was trailing the right car. Officer Olson also had a physical description of the suspect that matched Brinkerhoff. Wyoming officers suspected that the man in possession of the firearm was Brinkerhoff, whom they knew to be a felon. The collective knowledge of the officers provided reasonable suspicion to stop Brinkerhoff. *See id.* Given the officers' collective knowledge, they did not violate Brinkerhoff's Fourth Amendment rights.

The seizure of the firearm was warranted based on either of two exceptions to the warrant requirement: plain view and inevitable discovery. Officers may seize an item in plain view if they have probable cause to believe that the item is

2

incriminating. *United States v. Stafford*, 416 F.3d 1068, 1076 (9th Cir. 2005), (citing *Arizona v. Hicks*, 480 U.S. 321, 326-7 (1987)). Whether an item is incriminating is not determined by the item in isolation but by considering the surrounding circumstances. *See, e.g. Texas v. Brown*, 460 U.S. 730, 741-3 (1983); *United States v. Guy*, 903 F.2d 1240, 1243 (9th Cir. 1990).

Brinkerhoff argues that the plain view doctrine is inapplicable because the incriminating nature of the firearm – the obliterated serial number – was not immediately apparent. This argument, however, ignores the information the officers had at the time they saw the gun. They knew there had been a man who was playing with or brandishing a gun in the parking lot of a Wyoming convenience store near where Brinkerhoff was arrested, and Wyoming officers suspected that Brinkerhoff, a felon, was that man. Consequently, the gun was incriminating not because of the obliterated serial number, but because it was the suspected property of a known felon.

Alternatively, illegally seized evidence need not be suppressed if the government can show by a preponderance of the evidence that it would inevitably have been discovered. *United States v. Ramirez-Sandoval*, 872 F.2d 1392, 1396 (9th Cir. 1989), (citing *Nix v. Williams*, 467 U.S. 431, 444 (1984)). The

government can show inevitable discovery by explaining how the evidence would have been discovered through routine procedures. *Id.* at 1399.

In this case, the police would inevitably have discovered the gun because they obtained a warrant to search the vehicle for narcotics. Though the gun was not mentioned in the warrant application, the trial court correctly concluded that "during the execution of the warrant, the weapon would certainly have been seized." Brinkerhoff does not contest the validity of the warrant. Alternatively, the gun would inevitably have been discovered because it was standard police practice to remove firearms from towed cars. *See South Dakota v. Opperman*, 428 U.S. 364, 375-6 (1976).

Brinkerhoff also challenges the validity of the investigatory stop. Though he may have waived this challenge, if he did not waive it, we would conclude that the Montana officers had reasonable suspicion to stop him. *See Illinois v. Wardlow*, 528 U.S. 119, 124-5 (2000); *Terry v. Ohio*, 392 U.S. 1, 29-30 (1968). As noted, Officer Olson had the collective knowledge that Brinkerhoff was reasonably suspected of being a felon in possession of a gun. Officer Olson also observed Brinkerhoff speeding well over the legal limit, which was an independently sufficient basis for an investigatory stop.

For the foregoing reasons, we AFFIRM.

4